\UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                    :
NAMEL NORRIS,                                       :
                                                    :
                              Plaintiff,            :
                                                    :              21-CV-8539 (VSB)
             -against-                              :
                                                    :              **ORDER**
501 HUDSON PIZZA CORP., *et al.*,                   :
                                                    :
                              Defendants.           :
                                                    :
---------------------------------------------------------- X

VERNON S. BRODERICK, United States District Judge:

       Plaintiff filed this action on October 17, 2021, (Doc. 1), and filed affidavits of service on

December 18, 2021.  (Docs. 7–8.)  The deadline for 501 Hudson Pizza Corp. and 501 Hudson

Co. LLC (collectively, "Defendants") to respond to Plaintiff's complaint was November 26,

2021.  Plaintiff took no action between December 18, 2021 and April 1, 2025, when I ordered

Plaintiff to seek default judgment in accordance with my Individual Rules and Practices in Civil

Cases ("Individual Rule 4(H)") by April 15, 2025 if he intended to do so, and warned that failure

to do so would result in dismissal of this case for failure to prosecute pursuant to Federal Rule of

Civil Procedure 41(b).  (Doc. 9.)  Individual Rule 4(H) states that a "[p]laintiff seeking a default

judgment must proceed by way of an order to show cause pursuant to the procedure set forth in

Attachment A."  Attachment A describes in detail the steps a Plaintiff must take when seeking a

default judgment.  On April 16, 2025, I granted Plaintiff's letter motion, filed that same day,

seeking an extension of time to seek default until June 2, 2025.  (Doc. 13.)  Plaintiff failed to

seek default by June 2, 2025.

       To date, Defendants have not appeared or responded to the complaint.  Plaintiff,

however, has taken no action to prosecute this case.  Accordingly, on August 4, 2025, I entered

an order directing Plaintiff to seek a default judgment in accordance with Individual Rule 4(H) by no later than August 18, 2025.  (Doc. 16.)  I warned Plaintiff that failure to do so or otherwise demonstrate that he intends to prosecute this litigation would result in dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  (*Id.*)  Plaintiff failed to seek default by August 18, 2025.

After obtaining the issuance of amended summonses, (Docs. 14–15), on September 16, 2025—nearly one month after the deadline I had set for Plaintiff to demonstrate an intent to prosecute this litigation and five months after the issuance of the amended summonses—Plaintiff filed an affidavit of service indicating that 501 Hudson Co. LLC was served on September 10, 2025, making its response to the complaint due by October 1, 2025.  (Doc. 17.)  Also on September 16, 2025, Plaintiff filed an affidavit of service indicating that 501 Hudson Pizza Corp. was served on September 13, 2025, making its response to the complaint due by October 6, 2025.  (Doc. 18.)  Plaintiff's counsel also filed a letter stating that "due to a mis-calendaring, Plaintiff's counsel was not aware of any deadlines in this matter" and requested "an extension of time of 45 days for Defendants to respond to the Complaint and to appear in this matter," (Doc. 19), which I granted on September 17, 2025, (Doc. 20).  Despite this additional extension, Plaintiff has taken no action to seek a default judgment against Defendants.

In considering whether to dismiss an action under Rule 41(b), I must weigh:  "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."  *Romano v. Laskowski*, No. 22-1896, 2024 WL 4635227, at *3 (2d Cir. Oct. 31, 2024) (summary order) (quoting *Lucas*

*v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  Importantly, "[n]o one factor is dispositive," and a court must "review the dismissal in light of the record as a whole." *Id.* at *3 (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).  After evaluating these factors, I "must also make a finding of 'willfulness, bad faith, or reasonably serious fault'" before dismissing the case. *Id*. (quoting *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014)).

Here, all five factors favor dismissal.  As to the first and second factors, in addition to not taking any action for approximately three and a half years after serving the Defendants with the complaint, Plaintiff did not comply with my April 1, 2025 order, (Doc. 9), issued seven months ago—which warned Plaintiff that failure to comply would result in dismissal—and my April 16, 2025 order, (Doc. 13), extending the default deadline to June 2, 2025.  Moreover, Plaintiff did not comply with my August 4, 2025 order, issued approximately four months ago, which again warned Plaintiff that failure to comply would result in dismissal, (Doc. 16), or my September 17, 2025 memo endorsement granting Plaintiff's request for an extension of time of 45 days for Defendants to respond to the complaint, (Doc. 20).  "Courts in this District have routinely dismissed cases for similar spans of noncompliance." *Oudorn v. Tucker*, No. 25-CV-1442, 2025 WL 2207925, at *3 (S.D.N.Y. Aug. 4, 2025) (dismissing case after the plaintiff failed to appear and comply with several court orders for more than four months) (collecting cases); *see also Melissa E. V. v. Comm'r of Soc. Sec.*, No. 24-CV-5546, 2025 WL 3085596, at *3 (S.D.N.Y. Nov. 5, 2025) ("A delay of between five and ten months falls comfortably within the time frames found sufficient in Rule 41(b) dismissals." (internal quotation marks omitted)).  Plaintiff's non-compliance has persisted despite my efforts to give Plaintiff an opportunity to be heard.  (Docs. 9, 13, 16, 20.)  I also provided explicit notice to Plaintiff that his failure to prosecute and comply with my orders would result in dismissal.  (Docs. 9, 16.)  Thus, Plaintiff's unexplained delay in complying with my "clear guidance" therefore weighs in favor of dismissal. *Baptiste*, 768 F.3d

3

at 217–18; *see also Oudorn*, 2025 WL 2207925, at *3 ("The second factor weighs in favor of dismissal here because as the Court outlined above Plaintiff repeatedly has been warned that failure to prosecute her case and/or comply with this Court's orders may result in dismissal. . . . Despite these repeated warnings, Plaintiff did not comply."); *see also Melissa E. V.*, 2025 WL 3085596, at *3 ("Relevant to the second factor, Plaintiff's time to file an amended complaint has been extended multiple times, and Plaintiff was warned of the consequences of failing to comply with my orders. . . . [A]lthough no one Rule 41(b) factor is dispositive, inexcusable disregard for a judge's warning justifies dismissal." (internal quotation marks omitted)).

As to the fourth factor, "the Court's interest in managing its docket is significant, as 'it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket' where Plaintiff[] ha[s] 'made no effort to comply with the Court's orders or to prosecute this case.'" *Ungaro v. Aaron*, No. 24-CV-0339, 2024 WL 3678437, at *2 (S.D.N.Y. Aug. 5, 2024) (alterations adopted) (quoting *Antonio v. Beckford*, No. 05-CV-2225, 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006)). "While the Court has a strong interest in managing its docket, Plaintiff has not demonstrated his own interest in being heard on the merits of his case, since he has allowed it to languish for more than [four] years. In issuing the Orders described above, . . . the Court afforded Plaintiff a fair chance to be heard. It is not efficient for the Court to attempt to goad Plaintiff and his counsel into compliance with deadlines and Court procedures." *Gannon v. JBJ Holdings LLC*, No. 22-CV-01674, 2024 WL 5186524, at *2 (S.D.N.Y. Dec. 20, 2024) (internal quotation marks omitted).

As to the third factor, Defendants have not appeared[1] and Plaintiff has failed to prosecute

---

[1] Plaintiff filed affidavits of service indicating that Defendants were initially served on November 5, 2021 through the Department of State ("DOS"). (Docs. 7–8.) After my April 1, 2025 order, (Doc. 9), Plaintiff's counsel filed a letter stating that they "are not certain of the reception of service by the Defendants," because "service through the DOS is sent to the last known address registered by the corporations on file with the DOS" and Plaintiff did not know whether there was "a change of address since." (Doc. 10.) Therefore, Plaintiff requested the issuance of amended summonses on April 16, 2025, (Docs. 11–12), which were issued on April 17, 2025, (Docs. 14–15). On

4

this case for over four years. "[A]lthough there is no specific evidence on the record that delay will prejudice the defendants – indeed, there is no record beyond the Complaint . . . and [my] orders – prejudice to defendants resulting from unreasonable delay may be presumed." *Minier v. Mensah*, No. 24-CV-1781, 2025 WL 1626439, at \*4 (S.D.N.Y. Feb. 21, 2025) (cleaned up); *see also Gannon*, 2024 WL 5186524, at \*2 ("Third, Defendants are likely to be prejudiced by further delay in the proceedings. Plaintiff's inaccessibility has delayed this case for more than two years. When such inaccessibility and delay are inexcusable, prejudice is presumed." (internal quotation marks omitted)).

As to the fifth factor, the Court has considered a lesser sanction than dismissal and concludes that dismissal without prejudice is appropriate. *See Melissa E. V.*, 2025 WL 3085596, at \*3 ("And as to the fifth factor, there is no reason for the Court to believe that any lesser sanction would cause Plaintiff to pursue this case with appropriate speed, since Plaintiff has previously failed to respond to any of the Court's multiple other orders." (internal quotation marks omitted)). "Still, the Court appreciates that statute of limitations concerns might make such a sanction effectively a dismissal with prejudice." *Panuccio v. Weichert Workforce Mobility, Inc.*, No. 23-CV-1366, 2025 WL 1194566, at \*4 (S.D.N.Y. Apr. 22, 2025). "To the extent this is true, the Court is guided by *Baptiste*, which ruled that 'the court must still make a finding of willfulness, bad faith, or reasonably serious fault by evaluating' the factors outlined above in this opinion." *Id.* (quoting *Baptiste*, 768 F.3d at 217). Plaintiff has "engaged and then absented [himself] from the prosecution of [his] own case." *Id.* Since initiating the action over four years ago in October 2021, Plaintiff has not taken any action to seek a default judgment other than requesting an extension of time to initiate default proceedings and serving the

---

September 16, 2025, again after I issued the August 4, 2025 order, (Doc. 16), Plaintiff filed affidavits of service indicating that Defendants were personally served on September 10 and 13, 2025, (Docs. 17–18.)

5

summons and complaint, after the April 1, 2025 order directing him to seek a default judgment if he intended to do so.  (Docs. 9–12, 17–19.)  As evidenced by the record here, I have "both contemplated and engaged in such less severe measures aimed at securing Plaintiff['s] compliance and attention to the case," including an extension of time to seek default and "warni[ng Plaintiff] of the risk of not engaging with the case."  *Panuccio*, 2025 WL 1194566, at *4.

Plaintiff has persistently refused to comply with my orders and has not demonstrated an intent to prosecute this action.  As such, I find that an evaluation of the factors above constitutes the sort of "'reasonably serious fault,' if not willfulness," sufficient to sustain the dismissal here, "notwithstanding that this dismissal will as a practical matter have the effect of a dismissal with prejudice."  *Melissa E. V*., 2025 WL 3085596, at *4 (quoting *Romano*, 2024 WL 4635227, at *4–5).

It is hereby ORDERED that this action is dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is respectfully directed to terminate this action.

SO ORDERED.

Dated:     December 2, 2025
           New York, New York

VERNON S. BRODERICK
United States District Judge